The next case on the call of the docket is Agenda No. 15, Case No. 127519, Chicago Sun-Times v. Cook County Health and Hospital System. Agenda Item No. 127519, Chicago Sun-Times v. Cook County Health and Hospital System Patients have a right to an expectation of privacy related to their medical information. This case boils down to whether or not a patient's confidential medical record is subject to public inspection simply because they seek treatment at a public hospital. This Court should affirm the Circuit Court's ruling and reverse the appellate court because these patients' medical records are wholly exempted from FOIA, and their request is improper because the hospital does not maintain the records as requested by the plaintiffs. Further searching for them would be a violation of HIPAA. The Sun-Times request is a compound one requiring the use, examination, and compilation of at least three types of protected medical records. These records involve patients who arrive at the hospital with gunshot wounds but are unaccompanied by law enforcement officers. They would be referred to as walk-in gunshot wounds. The Sun-Times requests the admission dates of these walk-in gunshot wounds and the corresponding dates and times that law enforcement was notified as required by the Criminal Identification Act. However, nothing in the Criminal Identification Act requires that the hospital record such information. The hospital's FOIA officer, Ms. Fortier, was very clear in her initial response. The hospital did not keep such records. Further, the affidavits are clear. They do not keep a record if someone is a walk-in gunshot wound patient. Neither do they keep a record of when the law enforcement is notified in these cases. And even if they did, these records would be protected private health information, both under FOIA and under HIPAA. FOIA is clear on its face that the medical records are categorically exempt from disclosure. The term medical records appears in the definition section under the category of private information. You know your opponent takes the position that there are certain things that you can't disclose under the act, correct? Yes, Your Honor. And their position is, I mean the position of what argument is that if certain information is disclosed, that's your argument. The other information can be determined, correct? You know, the information they couldn't disclose could easily be determined because they disclosed A, and therefore what follows is you can find out what C and D. Yes, Your Honor. That's part of our argument that even if we could disclose part of the information, the record could be identified. But also, I would say that FOIA doesn't even get us to that point. FOIA exempts the records as a whole because FOIA doesn't talk about the transmission of data. FOIA talks about the production of records. And what we are talking about here is undoubtedly the treatment records of these patients who come into the emergency room. This information requested by the Sun-Times doesn't exist anywhere except in the healthcare provider's notes of treatment, if it exists at all, because as the affidavits clearly show, nothing requires the provider to record this information. They may not do so. They may do so. Instances of such may appear scattershot throughout their medical records. And because FOIA exempts them straight off the bat from the definition section, because including medical records in the definition of private information exempts them in the definition section and also exempts them from disclosure under 7.1b. And these records are defined in contrast to public records, because public records refer to all materials pertaining to the transaction of public business. Even though these people sought treatment at a public hospital, their treatment in and of itself is not the transaction of public business. Counsel, what about the fact that we don't have a definition for medical records, right? There isn't a definition of medical records in the FOIA. However, medical records are defined by Black's Law Dictionary as the documents that compose a patient's medical healthcare history. And we believe that means the full document, not a portion of the document, not one item or one word within the document. The entire document. And so that's the question. If they're only asking for a piece of it, something extracted from that, does that constitute a medical record? We would argue that it still does constitute a medical record. Even that little piece is part of their medical record. And we would also argue that the reason FOIA exempts the entire document is these documents are very, very sensitive. They're only for the eyes of treatment providers and hospital administration when it comes to treatment, the provision of healthcare, and billing. And that's that reasoning we get from HIPAA. HIPAA protects this information. It not only protects the disclosure of the information, it protects the use of the information. And that argument isn't really addressed by the Sun-Times. HIPAA prevents the FOIA officer from even pulling these documents to look at them. Because in order to figure out who was a walking gunshot wound, one would have to read through the medical record. And HIPAA very clearly prohibits use unless it is one of the allowed. I want to make sure I understand where we are procedurally. I mean, the summary judgment was granted, correct? Yes, Your Honor. And it was on the basis of 7-1-A and or 7-1-B, correct? Yes, Your Honor. Now, your arguments about having to create these documents, your arguments about how burdensome it might be, are we really there yet? I mean, aren't we just arguing whether the year of these gunshot wounds and whether they were reported to the police? That's really what we're talking about, whether those fall under 7-1-A or 7-1-B. And then if we decide that they do, you win. If they decide that they don't fall under 7-1-A or 7-1-B, then it goes back to the trial court, and then you make all these arguments there about under-integrated syllabus and creating the documents, correct? Well, Your Honor, I would say that this Court could affirm for any reason under the record. And from the very beginning, from Ms. Fortier's response to the FOIA request through her affidavits, we have made clear that the hospital doesn't maintain these records. Even if they did, it would be protected of they would be exempt from FOIA, but they would also be protected from HIPAA. All of those reasons appear in Ms. Fortier's initial response to the Sun-Times request. So we would argue that this Court could simply affirm on any reason under the record, including those. Thank you. As we've stated— And are you saying it's a HIPAA violation for people in the hospital who work with the medical records to read them? Yes, I am. And there are various cases around the country that say so, including a few cited in our briefs. But there are various instances where employees have been fired and hospitals have been sued because an employee simply looked at the records, did not disclose them to anybody, but simply accessed the records. That in and of itself has caused violations of HIPAA and class action lawsuits across the country. Illinois hasn't gone that far, has it? I believe there is a current case pending in Cook County against Lurie Children's Hospital for an employee looking at records or simply accessing records, yes. At the trial court level? At the trial court level, yes. But the employee wasn't responding to a FOIA request, right? No. The employee was just, at least on their interest, for whatever reason, looking at someone's records. In that case, yes. Now, I'm not familiar with all of the facts of that case. I know what you're saying. I mean, it's a little different if we're talking about a FOIA request from the newspaper than someone from within the hospital system in the records department actually looking at the records. Right, which I think goes to whether or not that's a proper use under HIPAA. And under HIPAA, it defines use or permitted use under HIPAA are defined as providing, maintaining, or improving health care services. And the other categories listed underneath permitted use involve treatment or billing or access to health care. Nothing in there is anywhere similar to responding to a public records request. And therefore, we would say that, like, the simply searching of the records by a FOIA officer to answer a public records request does not fall under a permitted use under HIPAA. HIPAA does not contemplate such a thing. Further, we'd also say that the request is improper under the holding in Martinez versus CCSAO, where the first district held that the FOIA did not require a public body to analyze and compile data that it did not ordinarily keep. In Martinez, the plaintiff requested every instance of cell tower data that was used in a criminal prosecution, and the court held that because these instances appeared scattershot throughout records, it wasn't a proper FOIA request. Similarly here, the request requires searching through every gunshot wound patient's file to figure out if they were a walk-in at all, and then isolating that date and time of admission from this trauma log using a medical record number. Again, the medical record number itself is protected health information undisputed. In this case, undisputedly protected health information under HIPAA. Using that number to then pull the treatment record to then analyze that record, which, again, is an improper use under HIPAA. To analyze that record in order to figure out if law enforcement was there when the patient arrived, if it was called, when it was called. If the record simply says, called 911, what is there to produce? There's nothing to produce there. So even if a record may have been responsive, there may be nothing to produce because this information is scattershot. There's no checkbox that says called law enforcement, called law enforcement at this time. There's no real data to extract from these records. It has to be... Well, it's based on the affidavits of Debra Miss, I'm sorry, Debra Fortier and Justin Miss. And if you, I believe it's a record at 69 where they say that this information may not be in there because it's not required to be recorded. Well, that's my thing. Even the affidavits say it may not be there. Exactly, because at this point, the hospital's position is they can't even look at that record for the purposes of this lawsuit because it would be an improper use under HIPAA. That's what I'm referring to by speculation. We don't know. If they went further on that, we might find all kinds of things. It may be, but they know that it's not required to be done. And part of the reason it may not be required to be done is because these patients come in in acute medical trauma. The priority of the healthcare providers is to provide healthcare. Now, they must comply with the law, but the Criminal Identification Act doesn't list a punishment for not complying with it, and it doesn't list a timeline on which to comply with it. And so therefore, the hospital, while it has policies about it, doesn't require that to be recorded. So I think it's a reasonable assumption that it may or may not be recorded in every instance. If there are no further questions, I'll reserve the rest of my argument. Does HIPAA allow at all for information to be DI identified? It does if it's a proper use. And again, I think an analogous case would be the King case, King v. CCHHS, which was decided by the First District. In that case, the hospital had analyzed the location of various mental health patients in order to determine where to place an outpatient center. The difference is, and then Dr. King requested the underlying data, the zip codes that underlie the decision that the hospital made of where to place their center. In that case, there was a proper use of protected health information. The zip codes were protected health information. The hospital used that information in order to improve healthcare access. That was a proper use under FOIA. Then that information, because it was used for a hospital purpose and it wasn't, the hospital itself extracted the information from the treatment records for another purpose, for a valid purpose under HIPAA. In that case, that DI identified information was then available to be disclosed under, and DI identified and disclosed under FOIA. But that's not the case here. The hospital hasn't extracted any of this information at all. It hasn't done that, and therefore it still remains solely within the treatment record of a patient. So in your position, the fact that the first request was legitimate, and once that, for information, once that legitimate request was made, that opens the door to get the information otherwise? I'm sorry, which first request? I don't think the, a FOIA request ever really opens the door. If the hospital did its own audit of its system, and if the hospital itself created its own report for perhaps the board, that report may then be producible under FOIA if it were DI identified. But the hospital hasn't done so. Is that what you're calling, you said the proper purpose, is that what's your definition of a proper purpose? Okay, proper use under FOIA, sorry, allowed use, or permitted use. The permitted use for, excuse me, under HIPAA, the permitted uses all go towards providing, maintaining health care services for billing purposes and for treatment purposes. So none, like, there's nothing in that category, in that definition, I can read it to you if you want, it's a little bit long. You don't have to read it, I just want to hear your answer. Okay, yeah, so the circumstances described in King are, regard access to health care, the hospital's use of the information to create access to health care. That falls under the permitted use under HIPAA. And again, with law enforcement provisions, nothing about complying with a public records request appears in this permitted use section of HIPAA. And so therefore, we don't think that it is a permitted use under HIPAA. Counsel, your position is, if I understand, that if there's disclosure of the year of admission of a gunshot patient, or the year in which law enforcement was notified, if that information is disclosed, it violates the patient's right to privacy? Your Honor, I believe it could, depending on different circumstances. However, I think the greater picture is the patient's privacy is already violated when the FOIA officer opens up that record and reads all of that information. And it's, the FOIA officer would have to open up every record of every gunshot wound patient that came in to the hospital. In the years requested. Not just to even determine if they were gunshot wound victims. So this is a large number of records that would be exposed, even if it's just one person, that's still one person too many. Illinois puts a high, high importance on the privacy of patients, for good reason. And if we allow these patients' records to be subject to a public records request, we're creating a two-tier system in Illinois, where patients who seek care at a private hospital have a greater right to privacy, a greater expectation of privacy, than those who are, have no choice but to seek treatment at a public hospital. And whether that's because they're baby indigent, or whether that's because that was the nearest hospital to take them to when they had a gunshot wound, it shouldn't matter. It shouldn't matter where they go. There are competing interests. The taxpayer dollars are going toward this public hospital. And there are competing interests between the patient's right to privacy and the public's right to know whether the tax dollars are being used properly. So there is some friction there. And if the information is de-identified, the issue is whether that is still a violation. But you're saying that is not a permitted use no matter what. So basically, public hospitals are insulated from disclosing any of this information pursuant to FOIA. Yes, Your Honor, I agree with that. And I would say that the requester of this information doesn't have a greater right to the information than the patient has to privacy. And I would... Well, again, it's not private if it's de-identified. That may be true. However, it's still private while it's being identified, while it's being analyzed, while it's being used in order to answer the question asked by the requester, which puts us in... That's really the issue, then, is the FOIA officer looking at the files and calling this information out? Yes. That's the impermissible use, yes, Your Honor. And I would ask this Court look to the reasoning in Coy v. Washington County Hospital by the Fifth District, in which they stated that Illinois puts a high importance on the privacy rights of patients, because there are various statutes that protect patient privacy, including the Illinois Hospital Licensing Act, the Medical Patients Privacy Act, and including the civil procedure evidentiary privilege between doctor and patient. All of these things would be violated by the FOIA officer even searching for these records. If there are no further questions, I'll reserve the rest of my arguments for rebuttal. Thank you. Thank you very much, Ms. Nidhana Pudi. Mr. Merrick Wayne? Thank you. May it please the Court, my name is Merrick Wayne. On behalf of the plaintiff and respondent, Chicago Sun Times, this case deals with statutory interpretation of Section 718 and Section 71b of FOIA as it pertains to whether a publicly funded hospital needs to produce de-identified information that they do not even claim identifies a single person, and that is the year. Now, while looking at any statutory exemption under FOIA, the courts narrowly construe these exemptions in favor of disclosure. This goes towards the presumption that all public records are open to inspection and copying by the public. This ensures that the public can fulfill their duty of monitoring the government and making sure that it's being conducted in the public's interest. And that is precisely what is happening here. We have a newspaper that has requested the dates of walking gunshot wound victims to be included in the statute, and the years in which law enforcement was notified as is required under the statute. It does not matter whether they actually complied with the data for the purpose of whether FOIA applies here, because it is the public's right to receive that information and then make that determination for themselves. How would the public do that? I mean, I want to kind of picture what is it that you want to get. The affidavit indicates that these records are not kept. The statute does not require that these records be kept. And instead, the affidavit indicates that there would have to be a review of a certain number of medical records examining the narrative provided by the doctor or the nurse in the record, correct? That's what we're talking about? Yes, Your Honor. And on page 69 of the record, in paragraph 7, Justin Mist does admit that they can run a search report that does, yeah, that runs a search report that would have this information. Now, of course, there are other steps, just like in any other FOIA request that need to be taken to de-identify or daction information. And to be clear, the sometimes from the very beginning in their FOIA request requested this information. So what would it look like? It would be the medical record. And it would have the date and a great deal of redaction. And then somehow there would be some language, perhaps, maybe not, maybe, some language of the narrative as to what the doctor or the nurse observed about how the patient presented and when and how the hospital contacted law enforcement. Yes, Your Honor. But it would just be redacted so that way there's only the year. I'm sorry, what did you say? It would only show the year, because that's all that HIPAA would show. You don't want the information about this is a patient who appeared without law enforcement and that the hospital contacted law enforcement? You're not looking for that? Well, if it's being produced in response to this request, the fact that it's being produced makes it responsive to that request. So if it is someone walks... They give you the medical record and it says 19, you know, 2015. It has no narrative, no indication that this is someone who appeared without law enforcement or when the hospital contacted law enforcement. That's sufficient? Yes, Your Honor. To meet your request? Yes, Your Honor. That is correct. And it would be simply, if it is, the search report is a list that just lists out... Don't you request in your, in your, in your request to ask for that information, right? The request... Through the present record, who have not... You're seeking information about those who have been not accompanied by law enforcement at the time of their admission, as well as the corresponding time date that the law enforcement officials were notified of the patient's admission as required by the statute. So you're requesting this additional information, not just the date, right? It would just be the year showing. If someone walked in with a cough, that record would not be responsive, because it's only asking for gunshot wound walk-in years. So any years... So the second part about when the hospital contacted law enforcement, are you seeking that information? Oh, yes, Your Honor. Yes. How are you going to get that information? So if it is just a document that is all blacked out and it has a year on it, then that is an example of it showing... Can it tell you when the law enforcement was notified? So you... Okay. You're asking for some specific timeline, but you don't really want that. Well, Your Honor, yes, the request did seek the date and time, and we do concede that the month, the day, and the time would be exempt under HIPAA. HIPAA is very explicit that, that health care providers cannot produce identifiable information. They can only provide de-identified information. And the HIPAA regulation that CCHHS relies on specifically says that dates except for the year are person-identifiable information. So we do concede... But it's not going to give you any information about the statute and whether there's compliance with the statute? Correct, Your Honor. And it doesn't have to apply to this situation. Imagine that a public hospital says, we need to increase, we need more funding for our cancer department because of this influx in cancer patients we have. Someone can make a FOIA request and get the years of how many people were sought for cancer treatment. And they concede. Maybe 10 people came in, maybe 1,000 came in, maybe 2,000 came in. And here, at least, for the gunshot wound walk-ins, the defendant has conceded before that they have had over 1,000 in one year. The data, 2015, you would accept the fact that the person who reviewed the medical records, the person who reviewed the medical record, indicated that this medical record had sufficient narrative to tell you that the person, the patient appeared without law enforcement, right? Yes. But again, I don't understand. But there's no information about whether and when the hospital contacted law enforcement, right? If that record does not have the year, because it would say on this date, you know, October 20th, 2018, we contacted law enforcement. They redact everything but the 2018. If that's not in there, then it's not responsive to the request because it would not be... How will you use a document that doesn't give you any information about what took place? Your Honor, that is up to the reporters. They can line up the years. So, for example, if they get 1,100 people walked in with a gunshot wound without law enforcement, we see that search report showing that. And they only get, let's say, 700 other files indicating when law enforcement notified. Now, there is the benefit... Where do those files come from? That's where we've been discussing, Your Honor. Pardon? They've said that they can run a search report that shows the years of the walk-in. And the other issue is looking at the information that could be compared. And if the total numbers are different, then that is information that could be useful for reporting. And regardless, under FOIA, there's no requirement that the information being sought is of any use. What matters primarily is whether it is a public record, regardless of use. There is no statutory exemption for the uselessness of a record. It is purely whether it is a public record. And if it is, then it must be produced. I'd like to understand something. So you're conceding that part of what was requested that the justice, as Tyson referred to, is no longer requested by you. Is that correct? You know, she read from the request. And you said, we're not requesting that. We're not seeking the month or the date or the time. But that other information that she read off from your request. So you're conceding that's no longer requested? It would just be the year. Yes, Your Honor. It would just be the year. So report the date. But the year of what? I mean, the year of what? The year that a patient appeared, accompanied by law enforcement, and your second part of it is asking what the hospital did about that. And you're not going to get that information. We would get the corresponding year, Your Honor. So you could get a record that said something to that effect. In the year 2015, 250 people appeared without the police with gunshot wounds. And out of those 250, we found records to show that the police were notified in 150. I don't think that they keep a record that so cleanly states that, Your Honor. If anything, it would be a list of years, and then a series of redacted documents that were pulled from these medical records, and then redacted to detail. And then the identified information, which would just be the year. So it may not be the cleanest production for the Sun-Times or someone else to go through in this instance, but that doesn't mean the information itself is exempt. The follow-up on his question, on the Justice's question. So there are two types. You get the first information that would only be a year that somebody came in with this. Yes. With a walking gunshot wound. Yes. Walking gunshot wound. And then secondly, once you find that out, then you get the second piece of information, and that would be from deducing that from other records that you have? It would be, so as the defendant has said, they would have to look at the individual's medical record to determine what year law enforcement was notified. And that is where this whole use argument gets into, is whether it is a proper use to look at the medical record. And it is our position that it is. When defendant is citing to the HIPAA rule that it would be an improper use, they're focused on 45 CFR 164.502A, which does list off proper uses of medical information. Notably, this only pertains to identifying information. It does not apply to de-identified information, where subsection D of that same regulation does say when de-identified information can be used. And identifying information can be used to create de-identified information, meaning someone can open a file, they can look at it, and they can de-identify it by redacting it down to those portions that are not person-identified information. As the rule later states, is the year. And even if there was any ambiguity, the court would narrowly construe the statute and any other statutes and rules being relied on by the defendant to withhold these records. And a narrow construction in favor of disclosure would show that this is a permitted use and that years are not identifying information. And the same can be said for Section 7.1b, which applies to private information that is not person-identified. And the same can be said for Section 8.1c, which applies to the state's unique identifiers. There is nothing in the record, and even the appellate court noted that it strains credulity to believe that the year of which somebody sought medical treatment could be used to identify them, especially when we see thousands of people are coming in to seek this medical treatment. I forgot to ask this follow-up question. So the one that you're conceding, you're no longer asking what Justice Tice referred to in the request. You're no longer doing that. She referred to information. She said, no, we're not asking for that. I want to make sure that I'm not misunderstanding what Justice Tice said and then saying we concede something. The request is for the dates and times of people who walked in with gunshot wounds and the corresponding date and time of when law enforcement is notified. We concede that under HIPAA, that the date, meaning the month and the day, but not the year, and the time is exempt under HIPAA. But that still leaves the year as public information that needs to be produced. And here, you have the year of the walk-in and the year of the notification. So for purposes of this appeal, that's it. That's the only thing you're asking for. So if there's anything else in the petition that's in the record before us, you're no longer asking for what you just said. Yes, Your Honor. And that's what we sought at the appellate court, and that's what we sought at summary judgment in front of the circuit court. There is a Part 1 to the request, but that was complied with prior, so that is not an issue before this court on the appeal. And you're not asking if they create documents. You're just asking if they pull the documents that they find, black them out, and then give them to you. That is correct, Your Honor. And the burden issue is still before, would be before the trial court if we, if summary judgment was no longer on the table, correct? Yes, Your Honor. It is, the burden is on the defendant to prove by clear and convincing evidence that the records are exempt, and they That would be taken care of in the trial court. Yes, Your Honor. That is correct. The issue of undue burden, that continues, correct? Your Honor, if undue burden would not be before this court right now, if anything, it should be remanded to address that, but our position is that it was waived from the very beginning, because, and if it is remanded to the circuit court for proceedings on undue burden, this would be the exact position, is that Section 3D of Section 3B of the Circuit Court of Appeals would be removed. Section 3G of FOIA requires public bodies to respond within five business days to a FOIA request. It states that if a public body fails to respond to that request, the request is considered denied, and the public body may not assert that the records are unduly burdensome under Section 3G of FOIA. And that, in the briefs and in the reply brief, that issue is joined, because the hospital very strongly says you are very wrong on that. They have been raising undue burden from day one, correct? Our position is that since they did not respond to the request within the deadline, they waived undue burden. They did not raise it as an affirmative defense. It has only been suggested to in summary judgment briefings, but it was not properly raised before the circuit court because it was never available to them to begin with. And your argument on that is because they failed to respond within certain guidelines and pursuances of statute, correct? Yes, Your Honor. That then becomes legally an absolute bar to raising any of this other information about burden, all this other stuff they're raising now, right? Yes. You prevented them from doing that simply because they didn't respond within that timeframe. And that creates this automatic bar. Yes, Section 3D's language is explicit. It is a clear indication by the General Assembly that FOIA requests are supposed to be complied with expediently and efficiently. So by barring public bodies from raising the undue burden exemption after ignoring the deadline for a request, it does further that purpose of making sure requests are complied with. That can be read a couple different ways, but again, if we're going to remand it, you can make all those arguments involved, correct? Yes, Your Honor. The 3D issue is really not what this Court is here to determine. It is about whether years are personally identifiable information under HIPAA and whether a year divorced from all other information is a unique identifier under Section 7.1b. Further, the HIPAA rule is the gold standard of patient privacy. Other states can certainly create their own patient privacy laws that are stricter and withhold more information. There's nothing in the record showing that Illinois has done this. They do not assert that here, that Illinois has made a stricter law that would withhold the year. It would just lead to an absurd result to find that the year divorced from all other information is personally identifiable. Because both 7.1b and HIPAA go to the purpose of protecting privacy, yet when you have thousands of, when you have a list of thousands of 2018 or 2019, that's not going to anyone's, that's not going to identify anybody. It doesn't violate any privacy. It's completely devoid of anything that can connect any individual to that year. As the Court has also pointed out, there is a bit of speculation on the defendant's part as to whether they complied with the statute. And in addition, if this was remanded for further 3G proceedings, there's still more speculation in their affidavits on that point. As well about the exact amount of records there are, how many people would actually have to be reviewed, how much time would actually need to be taken to review it. It is an estimation in there. And again, that's not for this Court to determine whether they met that burden. It is only about whether they have actually proven by clear and convincing evidence that the year standing alone is identifiable information of a patient. If I have no, nothing further, if the Court has any questions, I'm happy to answer them. Okay. Thank you very much. Thank you, Mr. Wayne. Thank you. Counsel just admitted on the record that the hospital can only respond to this request by providing the medical record itself. Whether it's redacted or not, it is the medical record itself. And that is exempt from FOIA. I also want to point out that the way counsel described the production, that it would be that Justin Miss could run a report, that is not true. I'd like to clarify that. If you turn to C-69 of the record, I can read it to you. Justin Miss says he can run a report to determine the mechanism of injury, gunshot wound, at the time they arrived in the ED. However, we would have to open the record to determine whether the time of police notification and or arrival. He can pull a record of all gunshot wound patients, but then the FOIA officer would have to use the medical record number, which is undisputed protected health information, to pull the treatment record to figure out who was a while ago and who was not. Further, to connect, to correspond the date of admission to the date or time, date or time when law enforcement was notified, you would have to use something to make those records correspond. What the FOIA officer would use would be the medical record number. Now, on page 12 of their brief, they admit, they say, why can't the hospital just use a dummy number? Well, that would be creating a record. That's not required by FOIA. Again, all of this is searching through records for instances of where they might be compliant. None of these records could ever show that the hospital did not comply with the law, because they're not required to report it. Anything they would get would be scattershot information as to when the hospital did comply. It would be incomplete and not terribly helpful and impose such a burden on the public body. To quickly address the issue of 3G, the plaintiff never changed their FOIA request. They never amended their FOIA request to ask for just the years. They never amended their complaint to ask for just the years. The only time they ever said anything about we just want years was in their response to this hospital's motion for summary judgment. For the courts to allow a plaintiff to amend their FOIA request at such a late time, at the end of litigation, and then preclude a public body from making defenses to that change in their request, puts in and of itself a huge burden on the public body. I would say if their request now is only for the year. Your Honor, I would say even if their request is just for the year, for all the other reasons, for the reasons that the entirety of the medical record, whether or not it's to be identified, it is the medical record. It's the piece of paper, the sheet that lists all of the treatment of that patient, whether or not the entire thing is blacked out, except for a year. And what that year even corresponds to, what do we know? Is it the year of admission? Is it just the year of the date that they started a medical record? It's very inconclusive. You're saying they can never get any aspect in any way from the hospital? Not in this way. Excuse me. Not in the way that they requested the records, no. They can't. If the hospital, again, had done its own audit, if another governmental agency or oversight agency which had proper authority over the hospital had requested this information and the hospital had produced it, perhaps that then it could be de-identified and FOIA-able. In this instance, that has not happened. They are, the plaintiffs are requesting that the hospital compile, search through and compile this data and essentially answer a question which is not allowable under FOIA. FOIA is not for answering questions. FOIA allows for the production of public documents. And again, I go back to our first argument was these records don't fall under the description of public records. They're a patient's private record. A patient has an interest in their own privacy. And the plaintiff's interpretation of FOIA and HIPAA really dehumanizes the patient in this instance. If the plaintiff amended its request in the subsequent filing, did you object to that? I believe we did. And that's, excuse me, that's when the hospital raised the 3G issue and asked the court not to allow the plaintiffs to amend their request at such a late date. But then the court, in essence, did allow them to amend the request because the case was done in that fashion, correct? And then that would be your argument, that you could raise the unduly burdensome and it wasn't waived? Correct, Your Honor. We raised the issue of unduly burdensome and the court found that these records were medical records and therefore exempt under FOIA. I'd also argue that HIPAA sets a floor as to Illinois privacy and we cannot authorize, this court cannot authorize the disclosure that is forbidden by federal law, which is a precedence given under the supremacy clause. The court can't construe HIPAA narrowly because of an Illinois public records law. Excuse me. Any further questions? Okay. If the court were to hold that these records were producible under FOIA, it would create an injustice where these patients who seek public assistance, public treatment at a public hospital have less, have lesser right of privacy than those patients who seek private care. And for these reasons and the reasons stated in the brief, we respect that this court reversed the appellate court and affirmed the circuit court. Thank you. Thank you. Case number 127519, Chicago Sun-Times v. Cook County Health and Hospital System will be taken under advisement as agenda number 15. Thank you, Mr. Wayne, for your argument today and thank you, Ms. Udonna Pucci, for your argument this morning.